IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                    No. 4:17-CR-00111-JM

RACHEL ELIZABETH MOORE                                                              DEFENDANT

### OBJECTION TO PRE-SENTENCE REPORT OR ALTERNATIVELY REQUEST FOR USSG §4A1.3(B) DEPARTURE

Comes the Defendant, and for her Objections to the Pre-Sentence Report ("PSR") and Alternatively, a Request for Departure states:

In Paragraph 28 Defendant was attributed 1 criminal history point for a misdemeanor conviction out of the District Court of Grant County, Arkansas[1]. As a result of this criminal history point she was determined to have a criminal history category II, and was further determined to be ineligible for the "safety valve" 2 point reduction to her base offense level under USSG §2d1.1.

### RIGHT TO COUNSEL

The PSR indicates that "[a]ttorney representation is unknown". However, a review of the misdemeanor docket sheet indicates that the Defendant was not represented by counsel. Likewise, the docket reflects that she was not afforded the opportunity to waive her right to counsel. As such, she objects to the criminal history point attributed in paragraph 28, the resulting criminal history score of II in paragraph 29, the denial of the "safety valve" 2 point reduction, the offense level determination in paragraph 23, and the guideline range determination in paragraph 48.

Since 1975, the right to legal representation of indigent defendants has been mandated for any case in which imprisonment is likely to be adjudged. Arkansas Rules of Criminal Procedure,

---

[1] A copy of the docket sheet is attached as Exhibit "A"

Rule 8.2. An "uncounseled conviction" is an adjudication or conviction in which a defendant was not afforded the right to counsel. An indigent must be *offered* the right to have an attorney for a conviction to be valid.

Defendant submits that the conviction in paragraph 28 of the PSR violated the Sixth Amendment to the United States Constitution, and therefore should not be used to increase her sentence, nor to deny her the benefit of the "safety valve". Given the resulting enhancement in the defendant's Guideline range, the gravity of this Constitutional violation is apparent. The change in the sentencing range due directly to the uncounseled misdemeanor likewise violates fundamental fairness. Respectfully, the uncounseled misdemeanor conviction should not be considered

## USSG §4A1.3(b) DEPARTURE

Defendant alternatively states that the uncounseled misdemeanor conviction results in an over-representation of her criminal history. Defendant alternatively requests a downward departure pursuant to USSG §4A1.3(b), as the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history, or the likelihood that the Defendant will commit other crimes. In such situations, the court may conclude that the defendant's criminal history is significantly less serious than that of most defendants in the same criminal history category, and therefore consider a downward departure for the guideline.

A criminal history category classification is meant to reflect a defendant's culpability and the likelihood that he or she will recidivate. Defendant's criminal history is comparatively minor to other Defendants who typically fall in a category II.

The Eighth Circuit recognized a district court's authority to depart in this regard in *United States v. Brown*, 903 F2d 540 (8th Cir. 1990). See also, *United States v. Smith*, 909 F2d 1164 (8th

Cir. 1990), *United States v. Senior*, 935 F2d 149 (8th Cir. 1991); *United States v. Gayles*, 1 F. 3rd 735 (8th Cir 1993).

Accordingly, Rachel Moore respectfully objects to the criminal history point attributed in paragraph 28, the resulting criminal history score of II in paragraph 29, the denial of the "safety valve" 2 point reduction, the offense level determination in paragraph 23, and the guideline range determination in paragraph 48. In the alternative, she respectfully requests a downward departure pursuant to USSG §4A1.3(b).

Respectfully submitted,

BY:  /s/ Joe R. Perry
Joe R. Perry (AR88191)
DAGGETT & PERRY, PLLC
P.O. Box 389
Marianna, Arkansas  72360
870-295-3434, Ext. 2
joe@daggettlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CMECF system which shall send notification of such filing to the following:

Ms. Benecia Moore
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203

on this 12th day of October, 2018.

 /s/ Joe R. Perry
Joe R. Perry